UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES F. SNYDER,<br><br>            Petitioner,<br><br>v.<br><br>STATE OF IDAHO,<br><br>            Respondent. | Case No. 2:25-cv-00335-AKB<br><br>**INITIAL REVIEW ORDER** |

Petitioner James. F. Snyder has filed a Petition for Writ of Habeas Corpus challenging his 2019 state court conviction, for possession of a controlled substance, in Kootenai County Case No. CR-28-19-6825.[1] *See* Dkt. 1; *see also* Kootenai County iCourt Database, https://preview.icourt.idaho.gov/case/CR28-19-6825/county/Kootenai (accessed Sept. 23, 2025). The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). For the following reasons, this case must be dismissed for lack of jurisdiction.

**REVIEW OF PETITION**

**1.      Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required

---

[1]      Petitioner initially filed a single petition challenging convictions in two separate criminal cases in Kootenai County, Idaho. Pursuant to the Court's Order of Severance (Dkt. 2), all claims challenging Case No. CR-28-19-6825 will be addressed in this case. All claims challenging Case No. CR-28-21-11291 are addressed in *Snyder v. Idaho*, No. 2:25-cv-00518-DCN (D. Idaho).

to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see also Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (stating, in the context of a § 2241 petition, that "district courts are expected to take an active role in summarily disposing of facially defective habeas petitions.") (internal quotation marks omitted), *cert. denied sub nom. Sands v. Bradley*, 144 S. Ct. 1382, 218 L. Ed. 2d 421 (2024).

**2.     Discussion**

Petitioner previously brought a habeas corpus action in this Court challenging the same conviction for possession of a controlled substance. That action was dismissed with prejudice in 2023. *See Snyder v. Ramirez*, No. 1:22-cv-00311-REP (Dkt. 56 & 57) (D. Idaho Sept. 7, 2023). This Court and the Ninth Circuit denied a certificate of appealability, and the U.S. Supreme Court dismissed Petitioner's petition for writ of certiorari. *See id.* (Dkt. 63 & 66).

Before a prisoner can file a second or successive federal habeas corpus petition challenging the same conviction as in a previous habeas corpus petition, he must first obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("[A] district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (internal quotation marks omitted). The instant Petition challenges the same conviction that was adjudicated in Petitioner's previous federal habeas corpus action, and Petitioner has not shown that he has obtained the required authorization from the court of appeals. Therefore, this case must be summarily dismissed.

**ORDER**

**IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED for lack of jurisdiction.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11.

DATED: September 24, 2025

_____
Amanda K. Brailsford
U.S. District Court Judge